Filed 6/23/25  P. v. Hampton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099690 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF17-00011) |
| v. | |
| GARY GRANT HAMPTON, JR., | |
| Defendant and Appellant. | |

Defendant Gary Grant Hampton, Jr., was convicted in 2017 of multiple sexual offenses against his ex-wife.  The trial court sentenced defendant to prison for an aggregate term of 26 years and eight months, including the upper term on the principal count, five years for a prior serious felony enhancement, and three years for three prior prison term enhancements.  Defendant appeals from a resentencing order made under Penal Code section 1172.75 (statutory section citations that follow are found in the Penal Code unless otherwise stated) whereby the trial court reduced defendant's aggregate prison sentence to 18 years and eight months, including reimposing the upper term on the principal count.

1

Defendant contends we should strike a $500 domestic violence fee imposed under section 1203.097 because that fee can only be imposed on a defendant who has been granted probation.  The People concede the error, and we agree.

In supplemental briefing filed with this court's permission, defendant contends the trial court erred in imposing the upper term on the principal count even though there were no aggravating circumstances found true pursuant to the evidentiary requirements of section 1170, subdivision (b).  As defendant acknowledges in his briefs, this court recently found that, if the upper term was previously imposed, aggravating circumstances need not be proven as required under section 1170, subdivision (b) during a section 1172.75 resentencing.  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*).)  Defendant asks that we instead follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-Thompson*.  (*Gonzalez*, at p. 330.)  We strike the fee and affirm the judgment as modified.

## FACTS AND HISTORY OF THE PROCEEDINGS

In October 2017, a jury found defendant guilty of rape of a drugged victim (§ 261, subd. (a)(3)) and spousal abuse with a prior qualifying conviction (§ 273.5, subd. (f)(1)).  In bifurcated proceedings, the trial court found true that defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); a prior serious felony (former § 667, subd. (a)); and three prior prison terms (former § 667.5, subd. (b)).

The following month, the trial court sentenced defendant to state prison for an aggregate term of 26 years and eight months, as follows:  16 years for rape (the upper term of eight years doubled due to the strike), five years consecutive for the prior serious felony enhancement, three years consecutive (or one year each) for the three prior prison term enhancements, and two years and eight months consecutive (one-third the middle term of four years, doubled due to the strike) for the spousal abuse count.  The court explained it was imposing the upper term due to the following aggravating factors:  the

crimes involved cruelty and viciousness, the victim was vulnerable due to domestic violence and her intoxication (which defendant induced), defendant exhibited violent conduct, defendant had numerous prior convictions, defendant had served prior prison terms, defendant was on post-release community supervision at the time of the crimes, and defendant's prior performance on all forms of supervision was unsatisfactory. (Cal. Rules of Court, rule 4.421(a)(1), (3), (b)(1), (2), (3), (4), (5) [rule citations that follow are found in the California Rules of Court unless otherwise stated].) The court also imposed various fines and fees, including a $500 domestic violence fee (§ 1203.097), a $250 domestic violence prevention program fee (§ 1463.27), and $1,200 in additional fees and fines.

On appeal, this court affirmed defendant's convictions but remanded the matter for the trial court to: (1) strike the prior prison term enhancements under Senate Bill No. 136 (2019-2020 Reg. Sess.) and (2) consider its new discretion to strike the prior serious felony enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Hampton* (Aug. 17, 2021, C086081) [nonpub. opn.].)

In December 2021, the trial court dismissed the prior prison term enhancements and continued the case to consider whether the prior serious felony enhancement should be dismissed. The Department of Corrections and Rehabilitation subsequently notified the trial court that defendant was eligible for resentencing under section 1172.75.

In its briefing, the prosecution asked the trial court to strike the (already dismissed) prior prison term enhancements but otherwise leave the sentence unchanged. Citing section 1170, subdivision (b), the prosecution argued the court could consider the aggravating circumstances of defendant's criminal history and prior prison terms. Defendant asked the trial court to strike the prior prison term enhancements, strike the prior strike, strike the prior serious felony enhancement, and impose the lower term of three years on the principal count.

An October 2023 updated probation report listed the same aggravating circumstances that the trial court had relied on in originally sentencing defendant. (Rule 4.421(a)(1), (3), (b)(1), (2), (3), (4), & (5).) The report recommended striking the three prior prison term enhancements, imposing the middle term on the principal count given the recent changes to section 1170, and declining to strike the prior serious felony enhancement.

During the October 2023 sentencing hearing, the trial court struck the prior serious felony enhancement and sentenced defendant to prison for an aggregate term of 18 years and eight months, including the upper term on the principal count. The trial court's basis for imposing the upper term is unclear, as it gave various reasons throughout the course of the hearing. The court initially noted there had been changes to section 1170 and "how the Court can consider aggravating factors." The court then explained it was selecting the upper term "based upon the proof of the aggravating factors that were proven beyond a reasonable doubt" during the trial, including six "serious" felony convictions starting in 2004. Based on a certified RAP sheet, the court also found defendant's criminal history showed "serious and worsening type of criminal behavior over a period of time." In addition, defendant had been on supervised release when he committed the current crimes and had "numerous" prior parole violations. However, the court subsequently stated it found "seven different" aggravating circumstances "relating to both the crime and the defendant." The prosecution subsequently argued the court could only consider four aggravating circumstances, namely that defendant had numerous prior convictions, had served a prior prison term, was on supervised release when the crime was committed, and had previously performed unsatisfactorily while on parole. The court responded that it believed it could also consider the victim's vulnerability since defendant had been convicted of rape of an intoxicated person. The prosecution said there was an "argument to be made for that," but asked the court to focus on the four aggravating circumstances proven by the certified RAP sheet. Ultimately, the court

4

decided to impose the upper term because "the aggravating factors I've already pointed out and listed. . . on balance outweigh the mitigating factors."

The trial court found defendant was unable to pay non-mandatory fines and fees. It imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). It further ordered all other previously imposed fines and fees to remain in place.

In July 2024, appellate counsel sent a letter to the trial court requesting it strike the fees imposed under sections 1203.097 and 1463.27, as well as the $1,200 in additional fines and fees. Defendant noted that each of these sections contain an ability-to-pay clause, and the trial court had found defendant unable to pay non-mandatory fines and fees. The following month, the trial court issued an amended abstract of judgment reflecting it had stricken the $250 section 1463.27 fee and the $1,200 in additional fines and fees. However, the $500 section 1203.097 fee remained. The abstract also listed multiple prior prison term enhancements with the notation that the punishment had been stricken for each enhancement, even though the instructions on the form state: "DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court."

Defendant timely appealed.

## DISCUSSION

### I

In supplemental briefing, defendant contends the trial court erred in imposing the upper term on the principal count. According to defendant, the trial court abused its discretion and violated his Sixth Amendment and equal protection rights because not all of the aggravating circumstances were proven pursuant to the evidentiary requirements in section 1170, subdivision (b). Apparently concerned we might find the issue forfeited given his trial counsel's failure to object to the sentence on constitutional grounds, defendant argues in the alternative that his counsel provided ineffective assistance.

5

Given that the trial court discussed the applicability of the evidentiary requirements under section 1170, subdivision (b), we decline to find the issue forfeited and will turn to the merits.

1. Sixth Amendment

As to defendant's argument that the trial court violated his Sixth Amendment rights, the People encourage us to follow *Brannon-Thompson, supra*, 104 Cal.App.5th 455 and find no error because section 1172.75 "does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, at p. 458.) We agree with the People.

At the time of defendant's original sentencing in 2017, former section 1170 left the selection of whether to impose the lower, middle, or upper term "within the sound discretion of the court" and instructed the court to "select the term which, in the court's discretion, best serves the interests of justice." (Former § 1170, subd. (b).) The sentencing court was permitted to consider the "record in the case, the probation officer's report, other reports . . . , and statements in aggravation or mitigation . . . , and any further evidence introduced at the sentencing hearing." (*Ibid.*)

As amended by Senate Bill No. 567 (2020-2021 Reg. Sess.), effective January 1, 2022, section 1170 now generally provides for midterm sentences and prohibits upper term sentencing unless the circumstances in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3); see also rule 4.421 [setting forth circumstances in aggravation that a court may consider in sentencing].) In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed. (§ 1170, subds. (b)(5), (c).)

6

Section 1172.75, also effective in 2022, generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b), with some exceptions not relevant here. When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In addition, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

In *Brannon-Thompson*, this court found that the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466-467.) As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

Because the trial court here originally imposed the upper term on the principal count, under *Brannon-Thompson*, the court could reimpose the upper term on that count during the section 1172.75 resentencing without relying on any aggravating circumstances proven pursuant to section 1170, subdivision (b). As such, the trial court did not err in sentencing defendant to the upper term here even though not all of the aggravating circumstances had been proven according to section 1170, subdivision (b)'s evidentiary standards.

7

Defendant argues *Brannon-Thompson* was wrongly decided and urges us to follow *Gonzalez.* The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329.) However, the *Gonzalez* court feared, "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*)]." (*Gonzalez*, at p. 330.)

We respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. As our Supreme Court explained, "under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*Lynch, supra*, 16 Cal.5th at p. 760.) But, section 1172.75, subdivision (d)(4) "carves out an exception" to the factfinding requirements of section 1170, subdivision (b). (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 458.) Because those requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

8

2.      Equal Protection

Defendant contends section 1172.75, subdivision (d)(4) violates equal protection as applied to him. He argues he should be entitled to the same treatment as (1) any defendant who is resentenced under section 1172.75 but was not originally sentenced to the upper term and (2) any defendant with a final judgment who is resentenced under other provisions of law, including section 1170.18 (which allows for resentencing of those convicted of felonies that were reclassified as misdemeanors under Proposition 47) and section 1172.1 (which allows for resentencing upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or upon the trial court's own motion), or because the original sentence was illegal. According to defendant, in each of these other scenarios, the defendant may not be sentenced to the upper term unless the evidentiary requirements of section 1170, subdivision (b) are met. Even if we assume without deciding that defendant is correct about the universal applicability of section 1170, subdivision (b)'s evidentiary requirements in all of his identified scenarios, we find defendant's arguments meritless.

When a party "challenge[s] laws drawing distinctions between identifiable groups or classes of persons" (such as those being resentenced under section 1172.75 who were originally sentenced to the upper term) and argues "that the distinctions drawn are inconsistent with equal protection," we inquire "whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*People v. Hardin* (2024) 15 Cal.5th 834, 850-851.)

We review defendant's challenge to section 1172.75, subdivision (d)(4) for rational basis because it does not involve a suspect classification or a fundamental right. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [not all criminal classifications are subject to strict scrutiny analysis, and a defendant " 'does not have a fundamental interest

9

in a specific term of imprisonment' "].)  Under this standard, "[w]e find a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose."  (*People v. Chatman* (2018) 4 Cal.5th 277, 288-289.)  "The underlying rationale for a statutory classification need not have been ' "ever actually articulated" ' by lawmakers, and it does not need to ' "be empirically sustained." ' "  (*Id.* at p. 289.)  We may engage in rational speculation as to the justifications for the legislative choice.  (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)  "To mount a successful rational basis challenge, a party must ' "negat[e] every conceivable basis" ' that might support the disputed statutory disparity."  (*Ibid.*)

Defendant's central argument is that the Legislature "arbitrarily chose[ ] to make the sentencing procedure for defendants resentenced under section 1172.75 more difficult than for other defendants who are resentenced."  As courts have explained, the Legislature's intent in enacting section 1172.75 was to reduce sentences by " 'retroactively eliminating a sentencing enhancement described as exacerbating "existing racial and socio-economic disparities in our criminal justice system." ' " (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.)  And, the Legislature generally provided for full resentencing, indicating its general intent to provide " 'broad relief' " to those defendants impacted by the now invalid section 667.5, subdivision (b) enhancements.  (*Saldana*, at pp. 1277-1278.)

However, given that the original sentencing court had already lawfully determined that the upper term was in the interests of justice, it was rational for the Legislature to carve out an exception to section 1172.75's general approach by permitting a resentencing court to reimpose the upper term without requiring compliance with the evidentiary requirements of section 1170, subdivision (b).  For defendants entitled to resentencing under section 1172.75 who were originally sentenced to the upper term within the sentencing court's "sound discretion" (former § 1170, subd. (b)), those

10

sentencing choices did not (and still do not) violate a defendant's Sixth Amendment rights. (*Lynch, supra*, 16 Cal.5th at p. 759 [it is § 1170, subd. (b)'s "requirement of additional factfinding" before imposing the upper term "that brings the Sixth Amendment into play"].)

We note that many such defendants had their original trial years before the recent amendments to section 1170, potentially making it logistically challenging or unduly time-consuming to establish in every case the required aggravating circumstances under the current evidentiary standards of section 1170, subdivision (b). Under the circumstances, we find no error.

## II

Defendant additionally argues the trial court should not have imposed the $500 section 1203.097 domestic violence fee, and the People properly concede the issue. Section 1203.097 permits a trial court to impose as a term of probation, a fee of at least $500 where the crime involved a domestic violence victim, as defined in Family Code section 6211. (§ 1203.097, subd. (a).) However, defendant was sentenced to prison, not placed on probation. As such, the fee was unauthorized and must be stricken. (*People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1520.)

Our review of the record reveals that, contrary to the instructions on the abstract of judgment form, the trial court issued an abstract that lists the prior prison term enhancements that the trial court had fully stricken, with the notation that the punishment had been stricken for each enhancement. We are already remanding the matter for the trial court to issue an amended abstract of judgment, which should correct this error.

## DISPOSITION

The judgment is modified to vacate the $500 fee imposed under section 1203.097. As modified, the judgment is affirmed. The trial court is directed to prepare an amended

11

abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                        _____

                                        HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

KRAUSE, J.